IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONITA MUIR, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| WALMART, INC., | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

PLAINTIFF Bonita Muir files this Original Complaint and states the following:

### I.    NATURE OF THE ACTION

1.    This is a personal injury lawsuit involving claims based upon negligence, products liability, breach of warranty, and the Texas Deceptive Trade Practices Act.  The Plaintiff was injured when the defective stool she was standing on broke, causing her to fall to the floor. The foot stool was imported from China and sold by Defendant Walmart, Inc. ("Walmart").

### II.    PARTIES

2.    Plaintiff Bonita Muir is an individual residing in Dallas County, Texas.

3.    Defendant Walmart, Inc. is a foreign corporation licensed to do business in the State of Texas and can be served by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.    VENUE AND JURISDICTION

4.    Venue is proper in this Court because Plaintiff is a resident of Texas and Defendant is an Arkansas corporation.  The amount in controversy exceeds $75,000.00.

Plaintiff's Original Petition – Page 1

## IV. <u>FACTS</u>

5. On January 3, 2023, Ms. Muir was in her home in Dallas County, Texas using a step stool manufactured by Walmart and sold under its brand name Mainstays. The Plaintiff was in a bedroom at her residence and was going to reconnect a wire behind a television set on a dresser. She set the step stool on the floor and tapped it with her hand and foot prior to stepping on the stool. Upon stepping on the stool, it broke beneath her, and she fell backwards onto the floor. Plaintiff had purchased the stool from a Walmart Store in Texas.

6. The defective step stool is the sole reason for Plaintiff's fall and injuries.

## V. CAUSES OF ACTION

### COUNT 1. NEGLIGENCE

7. Defendant Walmart was negligent and proximately caused Plaintiff's injuries and damages. The negligent acts and/or omissions of Defendant Walmart includes, but are not limited to, the negligent design, manufacture, marketing, distribution and/or sale of the step stool at issue.

### COUNT 2. BREACH OF WARRANTY

8. Defendant Walmart breached the implied and express warranties by designing, manufacturing, and/or marketing a step stool that was unfit for its intended purposes. Defendant Walmart's breach of the implied and express warranties proximately caused Plaintiff 's damages.

**Plaintiff's Original Petition – Page 2**

## COUNT 3. BREACH OF CONTRACT

9.      Defendant Walmart breached the contract between the parties in the following ways:

      a.  In negligently designing the step stool;
      b.  In negligently manufacturing the step stool;
      c.  In negligently marketing the step stool;
      d.  By breaching the implied warranties; and
      e.  By breaching the express warranties of their respective contracts.

10.     Plaintiff Muir has made and/or will make demand upon Defendant Walmart to pay Plaintiff's damages more than thirty days prior to the trial of this matter. The Plaintiff has retained attorneys to represent her interests and, pursuant to Tex. Civ. Prac. & Rem. Code Section 38.001, Plaintiff is entitled to recover her reasonable attorney's fees from Defendant Walmart.

## COUNT 4. STRICT PRODUCTS LIABILITY

11.     At the time the step stool was manufactured and sold by Defendant Walmart, the step stool was unsafe for its intended purpose. The step stool was defective because it was designed, manufactured, marketed, distributed, and/or sold in such a manner that it would collapse under normal use and weight loads.

12.     The step stool was in substantially the same condition when it failed as when it was originally designed, manufactured, marketed, and left the hands of Defendant.

13.     The step stool was defective and unsafe for its intended purpose at the time it left the control of Defendant and therefore, was unreasonably dangerous.

14.     There were no warnings that the step stool was defective, therefore Plaintiff invokes the doctrine of strict liability pursuant to Restatement of Torts (2nd),

Section 402A.  The defective design, manufacture, marketing, distribution and/or sale of the step stool by Defendant was a producing cause of all of Plaintiff's damages.

### COUNT 5.  D.T.P.A.

15.    The acts and/or omissions of Defendant constitute violations of §17.50 of the Texas Deceptive Trade Practices-Consumer Protection Act as follows:

   a.    By using or employing false, misleading and/or deceptive acts or practices enumerated in subsection (b) of §17.46 of the Texas Deceptive Trade Practices-Consumer Protection Act; and

   b.    By breaching the express and implied warranties of their respective contracts.

16.    The acts and/or omissions of Defendant further constitute violations of the Texas Deceptive Trade Practices-Consumer Protection Act §17.46 because Defendant:

   a.    Represented that the step stool had characteristics, uses or qualities that it did not have;

   b.    Represented that the step stool was of a particular standard, quality, or grade that they did not have.

17.    The acts and/or omissions of Defendant were the producing causes of Plaintiff's damages.

18.    Plaintiff is a consumer within the meaning of the Texas Deceptive Trade Practices-Consumer Protection Act.

19.    Defendant was provided with over sixty (60) days written notice of Plaintiff's claims.

20.    As a result of the acts and/or omissions of Defendant, Plaintiff has been required to retain attorneys to represent her interests and is entitled to recover reasonable attorney's fees in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts.

**Plaintiff's Original Petition – Page 4**

## COUNT 6:  *RES IPSA LOQUITOR*

21.     Plaintiff purchased the stool from Walmart, and always used it for its intended purpose.  Plaintiff made no alterations, or modifications to the stool, and never damaged it.  Based upon information and belief, it was not modified or altered by others after it left the possession and control of Defendant.

22.     Plaintiff weighs far less than the advertised weight limit of the stool.

23.     The stool broke when Plaintiff stood on it to reconnect a wire on a television set.

24.     The character of the occurrence is such that it would ordinarily not happen in the absence of negligence, and the stool was under the management and control of Defendant at the time that the negligence occurred, *i.e.*, when the stool was designed, manufactured, and marketed.

## VI.  DAMAGES

25.     Plaintiff Bonita Muir seeks damages for the following:

   a.     **MEDICAL EXPENSES: Past and Future**

   b.     **PHYSICAL PAIN AND SUFFERING: Past and Future**

   c.     **MENTAL ANGUISH: Past and Future**

   d.     **PHYSICAL IMPAIRMENT/DISABILITY: Past and Future**

   e.     **LOSS OF WAGE-EARNING CAPACITY:  Past and Future**

   f.     **DISFIGUREMENT**

## VII.  RELIEF SOUGHT

26.     Plaintiff requests that Defendant be cited to appear and answer, and that this case be tried after which Plaintiff recover:

a.  Judgment against Defendant for a sum within the jurisdictional limits of the Court for the damages indicated above;

b.  Pre-judgment and post-judgment interest at the maximum amount allowed by law;

c.  Costs of suit; and

d.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MCGILBERRY & SHIRER, L.L.P.**

By: _____

**NATHAN L. MAJORS**
State Bar No. 24026857
Nathan@mcgilberry.com
5720 LBJ Freeway
Suite 575, LB 5
Dallas, Texas 75240
Ph.:   (972) 392.1225
Fax:   (972) 392.1260

**ATTORNEYS FOR PLAINTIFF**